HENRY KUPFER & CO. v. PURE DYE SILK CO.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. CORPORATIONS ☞410—AUTHORITY OF AGENT—SALES.

   In an action to recover for goods sold and delivered, where it appeared that the parties had been dealing together for two years, that defendant's president usually called and gave orders for the goods or telephoned and then sent a written order signed by himself, and that on several occasions his son had been sent with such written orders and had received the goods, and that the goods in suit had been delivered without any telephone order on orders signed by the son in defendant's name, some-

times on plaintiff's stationery, and had been sold by the son, who appropriated the proceeds to his own use, the defendant was not liable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1629–1632; Dec. Dig. ☞410.]

2. CORPORATIONS ☞432—RELATION—PRESUMPTION FROM COURSE OF DEALING.
Evidence of the course of dealing between the parties *held* insufficient to establish the son's agency.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. ☞432.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Kupfer & Co. against the Pure Dye Silk Company. Judgment for plaintiff, entered upon trial by the court, and defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Samuel Fingerhut, of New York City, for appellant.

Leo G. Rosenblatt, of New York City, for respondent.

PAGE, J. [1] This action was to recover for goods sold and delivered. Plaintiff and defendant had been dealing together for about two years. Usually Mr. Isaac L. Miller, defendant's president, called personally at plaintiff's store and gave orders for the goods. In other transactions it was understood that Isaac L. Miller would call up over the telephone and then send a written order signed by himself. On several occasions George D. Miller, son of Isaac L. Miller, was sent with these written orders and received the goods.

For the goods for which this action was brought, it is conceded that no prior telephone order had been received, and the goods were delivered on orders signed by George D. Miller, and in two instances written by George D. Miller on the plaintiff's stationery and in the presence of plaintiff's salesman. The receipts were signed in defendant's name, "by George D. Miller." No proof was given that the goods were ever received by the defendant. On the contrary, George D. Miller testified that he received the goods himself and sold them and appropriated the proceeds to his own use.

[2] There was no proof of agency in George D. Miller, nor could any agency be presumed from the course of dealing between the parties. The plaintiff made no effort to have the orders confirmed prior to delivery. There would seem to be no legal ground for holding the defendant liable for the goods sold and delivered to George D. Miller.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.